FRANK RENSHAW v. S. D. REYNOLDS, Appellant.—297 S. W. 374.

Division One, June 25, 1927.

1. **TRIAL BY JURY: On Appeal to Circuit Court.** A party who is not entitled to a trial by a jury in the court of a justice of the peace may, because of the peculiar wording of the statute, be entitled to a jury trial in the circuit court to which the case is taken by appeal.

2. ————: ————: **Statute: In Court of Common Law Jurisdiction.** The statute (Sec. 1398, R. S. 1919) declaring that "an issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived or a reference ordered," antedates the Constitution of 1875 and 1865, and includes all actions triable in the circuit court, or other court possessing common-law jurisdiction, except such as require relief of an equitable character.

3. ————: **Action to Recover Rents and Leased Property.** An action to recover real estate and unpaid rents, based on the alleged failure to pay rents when due, begun in the court of a justice of the peace and taken by appeal to the circuit court, is in the circuit court triable by a jury, and if a jury is not waived, it is error to deny a jury trial.

4. **RENTS: Expiration of Landlord's Title: Attornment: Eviction: Estoppel.** In an action for rents the tenant may show that the landlord's title has expired or been extinguished by operation of law since the relation of landlord and tenant began; but he cannot defend on the one ground that the landlord never had any title and had been adjudged by proper action since the relation began to have never had title. If it has been adjudged in a proper action since the relation began that the deed under which the landlord claimed to be the owner at the time the lease was made was void, the tenant is estopped to deny his landlord's title unless he or his landlord is evicted, or he in good faith attorns to the rightful owner, or he surrenders the premises. The tenant cannot remain in possession under a lease from his landlord and at the same time deny that his landlord ever had a legal right to the premises.

5. ————: **Denial of Jury Trial: Right Judgment: Affirmance.** Notwithstanding the tenant, in the action by his landlord to recover premises for failure to pay rents according to the terms of a lease, was entitled to a trial by jury and such a trial was denied him, yet if the evidence received, and the evidence offered and rejected, conclusively shows that the tenant had no defense, the judgment for the landlord, on the tenant's appeal, will be affirmed. If the facts conclusively demonstrate that the judgment was right, and that the appellant has no defense to the cause of action, it would be a barren formality to remand the cause in order that the appellant might have a trial by jury, which would necessarily result in the same judgment.

---

Corpus Juris-Cyc. References: **Appeal and Error,** 4 C. J., Section 3128, p. 1134, n. 19. **Courts,** 15 C. J., Section 418, p. 994, n. 3. **Juries,** 35 C. J., Section 102, p. 196, n. 43. **Landlord and Tenant,** 35 C. J., Section 565, p. 1224, n. 40; Section 596, p. 1243, n. 16; 36 C. J., Section 1003, p. 272, n. 68, 73, 75; Section 1114, p. 312, n. 63; Section 1145, p. 338, n. 83.

Appeal from Greene Circuit Court.—*Hon. Orin Patterson*, Judge.

AFFIRMED.

*John Schmook* for appellant.

(1) "The right of trial by jury, as heretofore enjoyed, shall remain inviolate." Sec. 28, Art. II, Mo. Constitution. "An issue of fact in an action for recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived." Sec. 1398, R. S. 1919. "The trial in the appellate court shall be governed by the practice in such court, except that by agreement of parties the case may be tried by a jury of six men." Sec. 2911, R. S. 1919. In action to recover rent and possession under the Landlord and Tenant Act, while the statute does not provide for a jury trial before the justice of the peace, it does provide, without restriction, for an appeal to a court where a jury trial may be had. State ex rel. v. Allen, 45 Mo. App. 551, 567. (2) The rule that a tenant will not be permitted to deny his landlord's title so long as he holds the possession originally derived from him, does not forbid the tenant from a showing that the landlord's title has expired or been extinguished since the creation of the tenancy. 35 C. J. 1243, note 16; Pentz v. Knester, 41 Mo. 447; Barclay v. Picker, 38 Mo. 143; Dale v. Parker, 143 Mo. App. 492; Robinson v. Troup Min. Co., 55 Mo. App. 662; Chaffin v. Brockmeyer, 33 Mo. App. 92; Meier v. Thieman, 15 Mo. App. 307. A tenant may dispute the title as against the original landlord, without surrender of possession, where it has been legally extinguished or determined so that it no longer exists. 35 C. J. 1240, note 36.

*O. T. Hamlin* and *V. O. Coltrane* for respondent.

(1) The relation of landlord and tenants does not rest upon the landlord's title, but upon the agreement between the parties, followed by the possession of the premises by the tenant under the agreement. Live Stock Assn. v. L. & C. Co., 138 Mo. 394. A tenant cannot dispute his landlord's title; so long as the tenant is not expelled, he has, as a general thing, no right to question the title of his landlord. Higgins v. Turner, 61 Mo. 249; Grant v. White, 42 Mo. 285 . An express contract to pay rent is discharged only by performance, release, the acceptance of a surrender, or an eviction by the lessor. While there may be certain exceptions to this rule, such as illegality on grounds of public policy and the right to rescind for fraud, yet there is nothing in this case to take it out of the regular rule. Huling v. Roll, 43 Mo. App. 240; Churchill v. Lammers, 60 Mo. App. 249; Gluck v.

Mayor of Baltimore, 81 Md. 315, 48 Am. St. 515; 36 C. J. 295; 1
Underhill on Landlord & Tenant, p. 86, sec. 64.   (2)   The judgment
in the suit between plaintiff and other parties was rightly excluded.
The defendant held under the plaintiff undisturbed until the trial
of this case in the circuit court and should pay the rent due accord-
ing to his contract.   There was no eviction, nor did defendant aban-
don the premises.   Eddy v. Coffin, 149 Mass. 463; 14 Am. St. 441;
2 Underhill on Landlord & Tenant, sec. 692, p. 1172; Stewart v.
Miles, 166 Mo. 181.   (3)   The trial court proceeded upon the theory
that the Landlord and Tenant Act is complete in itself and no pro-
vision made for a trial by jury, and that when the case was appealed,
no provision for procedure after appeal being provided, the case should
be tried in the same manner as provided for in the justice's court.
State ex rel. v. Allen, 45 Mo. App. 551; Kellogg v. Linger, 60 Mo.
App. 571.   But in this case it is unnecessary to inquire whether or
not the defendant was entitled to a jury.   The undisputed evidence
shows that defendant went into possession of the premises in contro-
versy under a written lease; that he remained in possession under
said lease, and that he did not pay the rent provided for by the
lease, and that plaintiff demanded the rent from defendant and
payment was refused.   It would be a barren formality to send the case
back for a jury trial when according to the showing made such trial
could avail the defendant nothing.   Ward v. Quinlivin, 65 Mo. 453;
Rolla Produce Co. v. Am. Ry. Express Co., 205 Mo. App. 646, 226
S. W. 582.

LINDSAY, C.—This suit was brought before a justice of the peace
of Greene County under the provisions of Sections 6901 and 6903,
Revised Statutes 1919, for the possession of certain real estate for
non-payment of rent, and for the rent accrued and unpaid.   The
plaintiff had judgment for possession, and for $60, the amount of
the unpaid rent.   Defendant gave the bond as provided by Section
6909, and was allowed an appeal to the circuit court.   In the circuit
court defendant demanded that the cause be tried to a jury.   This was
overruled by the court, and defendant excepted.   The cause was heard
by the court, and the plaintiff had judgment for possession of the prem-
ises and for the sum of $105, the amount of the rent, then accrued
and unpaid, and was allowed an appeal to this court.

There was a written lease between the parties for the period of
one year, and provision therein for the payment of rent monthly
at $15 per month.   The defendant offered to show that the deed under
which plaintiff had claimed title to the leased land had been cancelled,
and plaintiff's title extinguished by a judgment of the Circuit Court
of Greene County in March, 1923, and that plaintiff had filed no
motion for a new trial to set aside said judgment and it became and

was final against him, and he was thereby divested of all right, title and interest in the real estate involved in this suit. Defendant also offered to show that he had paid to plaintiff rent to March 20, 1923, and that after the title of plaintiff to said premises had been extinguished, defendant offered and proposed to the plaintiff that defendant would pay the rent falling due after March 20, 1923, into court, or into the hands of someone to be held until it could be determined to whom the rent accruing after March 20, 1923, was justly due. The court refused these offers, and defendant excepted. The errors assigned are, the refusal of the courts to call a jury, and the rejection of the evidence offered by the defendant to show that plaintiff's title to the premises had been extinguished. It was admitted by defendant that he had remained continuously in possession of the premises after March 20, 1923, and was in possession at the time of the trial, and there was no claim that after said date he had paid any rent.

The case is here upon appeal by reason of the constitutional question raised by the defendant, and his contention that the refusal of his demand for a jury violated Section 28 of Article II of the State Constitution, which provides: "The right of trial by jury, as heretofore enjoyed, shall remain inviolate. . . ."

The action provided by Sections 6901 to 6903 to be brought and determined before a justice of the peace, appears to be summary in character. Upon appeal to the circuit court, such action is **Jury** necessarily to be tried *de novo*. It is an action at law for **Trial.** the recovery of money, and of possession of specific real property, and the ground of recovery of both is a breach by the defendant of an express contract to pay a stated rent.

In cases involving the question of the right of a party to demand a jury, this court, referring to the constitutional provision, has sometimes said the provision, whether in the present or in former constitutions, "merely guaranteed the continuance of the *common-law right* of trial by jury." [Bates v. Comstock Realty Co., 306 Mo. l. c. 328; Hickox v. McKinley, 311 Mo. 241; Eckrich v. St. Louis Transit Co., 176 Mo. 648.] In other cases, the expression used has been that: "The status of what must be tried by a jury was fixed by conditions existing at the time of the adoption of the Constitution." [Berry v. Railroad, 223 Mo. 366; Kansas City v. Smith, 238 Mo. 333.] It is not necessary here to attempt to distinguish the effect of these expressions or to discuss the respective natures of the actions in the cases mentioned. The statute, Section 1398, Revised Statutes 1919, governs the determination of the question here at issue. That section provides: "An issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived or a reference ordered as hereinafter

provided." This section antedates both the Constitution of 1875 and that of 1865. It appears in the form quoted in the Revised Statutes of 1855, page 1261. If, under the statutory provision defendant was entitled to demand a jury in the circuit court, there is little or no need at all of discussion of the constitutional provision, or of what constituted the common-law right of trial by jury. The circuit court is a court of record and of general common-law jurisdiction. Section 1398 is embodied in the Code of Civil Procedure, which has been always understood to refer to and govern the practice and proceedings of courts of records possessing common-law jurisdiction. Section 1398 was evidently framed so as to draw the line between actions at law triable by a jury, and suits in equity to be heard by the court. The action triable by jury, an action for the recovery of money "only," meant an action for the recovery of money and where the demand of the plaintiff could be wholly satisfied by the payment of money, and not one requiring relief equitable in character. Counsel for plaintiff in support of their contention that the right to demand a jury did not exist in the circuit court, cite State ex rel. v. Allen, 45 Mo. App. 551. In that case the Kansas City Court of Appeals held that in an action of this character before a justice of the peace, not exercising jurisdiction according to the course of the common law, a jury was not authorized, because not required by legislative enactment, and issued its writ of prohibition against the justice to prevent him from calling a jury; but, that court after so holding closed its opinion as follows: "For notwithstanding the statute in question does not provide for a jury trial, yet it does provide, without unreasonable restriction, for an appeal to a court where a jury trial may be had. [Sec. 6400.] When such is the case, the Constitution is not only not violated, but the mode and manner of securing the constitutional right is pointed out. [City of Marshall v. Standard, 24 Mo. App. 193; 1 Bishop, Crim. Pro., sec. 893; 1 Dillon, Mun. Corp., sec. 439.]"

The courts of appeals have several times had under consideration the sections embodying the provisions of Section 1389. In Hoyt v. Davis, 21 Mo. App. 235, the plaintiff, a widow, claimed one-half of the personal estate of her deceased husband under the statutes then in force. Upon appeal from the judgment of the probate court, the circuit court appears to have proceeded upon the theory that the case was one in which declarations of law need not be given. The case was heard by the court, and the plaintiff's declarations of law were refused. The court of appeals held that the action was triable by a jury in the circuit court, had a jury been demanded, and therefore it was a case where appropriate declarations of law might be required by either party.

In Bradley v. Woerner, 46 Mo. App. 371, the action was one by a widow for the widow's allowance. The issue was whether the petitioner was the widow of the deceased. The petitioner demanded a jury to try that issue. The probate court denied the demand. The court of appeals refused the writ of mandamus to compel the probate court to summon a jury upon the ground that Section 2131, Revised Statutes 1889, now Section 1398, did not apply to the probate court, or other courts of record possessing no common-law jurisdiction. The case of Hoyt v. Davis, supra, was referred to, and distinction drawn between the right to demand a jury in the probate court, and the right in the circuit court upon appeal from the judgment of the probate court.

This case in the circuit court was triable by a jury, and the court erred in refusing the defendant's demand for a jury.

The defendant next complains of the rejection of the evidence offered by him. This was an offer to show that in a proceeding in the Circuit Court of Greene County against this plaintiff and a brother of plaintiff and others, brought by two sisters of this plaintiff, a final decree had been rendered cancelling the deed made to **Liability for Rents.** plaintiff by his late brother, Moses Renshaw, deceased, under which the plaintiff claimed title to the leased land; that plaintiff's only claim of title was under said deed; that this plaintiff had filed no motion for a new trial, and had taken no steps to review said decree; and, since the rendition of said decree, had not procured or received to himself any deed or conveyance of the land from the successful parties in that suit, and that the successful parties to that suit had made demand upon defendant for the rent of the leased premises. Counsel for defendant insist that the rule that a tenant is estopped to deny his landlord's title so long as he holds the possession originally derived from the landlord, does not forbid the tenant from showing that the landlord's title has expired, or been extinguished since the creation of the tenancy; and cites as authority for that contention a number of cases: Pentz v. Kuester, 41 Mo. 447; Barclay v. Pickles, 38 Mo. 143; Dale v. Parker, 143 Mo. App. 492; Robinson v. Troup Mining Co., 55 Mo. App. 662; Chaffin v. Brockmeyer, 33 Mo. App. 92; Meier v. Thieman, 15 Mo. App. 307. Reference is also made to 35 Corpus Juris, pages 1240, 1243.

As we understand the rule as gathered from the foregoing authorities and others, the tenant may show that the title of the landlord has expired since the making of the lease, or since the time when the relation of landlord and tenant arose. That is, the tenant is not precluded from showing the expiration or extinguishment of the title of the landlord, the same title which the landlord had at the time of the creation of the relation. The tenant does not deny the title of

his landlord by showing that the title which the landlord did have had expired by lapse of time, or by operation of law. The distinction is indicated in what was said in Meier v. Thieman, 15 Mo. App. l. c. 310: "A lessee may plead that though the lessor had an interest in the premises at the time of making his lease, his interest terminated before the alleged cause of action rose. [Palmer v. Bowker, 106 Mass. 317.] He may show, for instance, that the lessor was only seized in right of his wife, for her life, and that she died before the covenant was broken; or, that the lessor being executor *durante minori aetate*, the infant has since become of age. [Lamson v. Clarkson, 113 Mass. 348; Andrews v. Pearce, 4 B. & P. 158.]"

See also 16 Ruling Case Law, page 665: "The estoppel of the tenant extends only to a denial of the title which the landlord had at the time of the lease, and ordinarily a tenant is not estopped to deny that the landlord had any greater estate than is necessary to support the tenant's lease. The estoppel is not applied except when the tenant undertakes to set up a title inconsistent with the idea that, at the time he took the possession, the landlord had the title which was recognized between them, and is subject to well-settled exceptions arising from matters happening subsequent to the creation of the tenancy."

The offer of the defendant in this case was not to show the expiration or mere extinguishment, since the creation of the relation of landlord and tenant, of title which the landlord had, at the time that relation was created. What defendant proposed by his offer was to show a superior or paramount title in other persons as against the landlord. Defendant did not offer to show that he had been evicted either actually or constructively under this paramount title. He did not claim that he had attorned or attempted to attorn to the holders of this paramount title, in consequence of the decree rendered in their favor and against the plaintiff in this suit. [Sec. 6882, R. S. 1919.] He remained in undisturbed possession under the relation, created by the lease and by his possession under it, and he did not see fit to break that relation. If he had surrendered the premises with the consent of the plaintiff, or had been evicted by the persons establishing title paramount and adverse to the plaintiff, or, "pursuant to or in consequence" of the decree in question in good faith had attorned to the persons decreed to hold title paramount to that of the plaintiff, he would be in a situation vitally different. The offer of defendant did not include a statement, nor an offer to show, that the plaintiff had an undivided interest in the premises as an heir of the brother who had made the deed which was cancelled by the decree. The offer proceeds upon the theory that the deed was annulled, and plaintiff had no title. The following is pertinent, 36 Corpus Juris, pages 271, 272: "An eviction by title paramount

arises where a third person establishes a title to the demised premises superior to that of the landlord, and by virtue of that title gains actual possession of the premises or constructive possession thereof through attornment of the tenant to him. The eviction may arise by ouster of the tenant by physical acts of the holder of the paramount title, or by virtue of the legal proceedings instituted by him, or by the tenant's yielding possession to him, or by an attornment to him by the tenant while remaining in possession. An eviction by title paramount does not otherwise arise. The mere existence of an outstanding title paramount to that of the landlord does not constitute an eviction. Actual ouster of the tenant is not necessary. If the tenant, to prevent being actually expelled from the demised premises, yields possession thereof, and attorns in good faith to one who has a title paramount to that of the landlord and also the right to immediate possession, this is equivalent to an actual ouster.''

The decree against the plaintiff did not put the other parties in possession, nor evict the defendant. Under his lease he remained in a possession which was not disturbed; he remained the tenant of the plaintiff; and was estopped to deny his landlord's title. [Higgins v. Turner, 61 Mo. 249; Grant v. White, 42 Mo. 285; Stewart v. Miles, 166 Mo. l. c. 181; Aguglia v. Cavicchia, 229 Mass. l. c. 266; Eddy v. Coffin, 149 Mass. 463.] He was under an express contract to pay rent. He did not surrender the premises, nor was he evicted actually or constructively and his obligation was not discharged. [Huling v. Roll, 43 Mo. App. l. c. 240; Churchill v. Lammers, 60 Mo. App. l. c. 249; Livestock Assn. v. L. & C. Co., 138 Mo. 394.]

We have held that defendant, as a matter of right, was entitled to a jury, but as a necessary result of our holding in the last preceding paragraph, it would be useless to send the case back for a jury trial, since upon defendant's own testimony his possession **Affirmance,** of the demised premises had not been disturbed, he **Nevertheless.** had not attorned to the successful parties to the decree, and had not paid the rent. According to his evidence that which was received, that only offered but rejected, a jury trial could avail him nothing. Under such circumstances, as was said in Ward v. Quinlivan, 65 Mo. 453, it would be going through a "barren formality'' to send the cause back for a jury trial. [See also Rolla Produce Co. v. American Railway Express Co., 205 Mo. App. 646.] For that reason the judgment should be affirmed. *Seddon* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion by LINDSAY, C., is adopted as the opinion of the court. All of the judges concur, except *Gantt, J.,* not sitting.