739 F.2d 308
 In re MODERN TEXTILE, INC., Debtor.
Al KOPOLOW and Al Kopolow Investment Company, Appellants,
v.
P.M. HOLDING CORPORATION, A. Thomas DeWoskin, Trustee, and
Continental Textile Corporation of America, Appellees.
In re MODERN TEXTILE, INC., Debtor.
Al KOPOLOW and Al Kopolow Investment Company, Appellees,
v.
P.M. HOLDING CORPORATION, Appellant,
A. Thomas DeWoskin, Trustee,
Continental Textile Corporation of America, Appellant.
 Nos. 83-1796, 83-1854.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 12, 1984.
Decided June 29, 1984.
Rehearing Denied July 30, 1984.
 
 Alan E. Popkin, Pat L. Simons, Torrence R. Thomas, Jr., Popkin, Stern, Heifetz, Lurie, Sheehan, Reby & Chervitz, St. Louis, Mo., for appellants/cross-appellees.
 Martin M. Green, Gregory D. Hoffmann, Lee E. Bailey, Green, Kehr, Kanefield & Hoffmann, St. Louis, Mo., for appellees/cross-appellants.
 Before ROSS, JOHN R. GIBSON AND BOWMAN, Circuit Judges.
 ROSS, Circuit Judge.
 
 Procedural History
 
 1
 This suit, originally filed in the Circuit Court of St. Louis County, Missouri, was removed to bankruptcy court pursuant to 28 U.S.C. Sec. 1478 when the debtor, Modern Textiles, Inc., filed for relief under Chapter 7 of the Bankruptcy Act. The case was tried before the bankruptcy court, 28 B.R. 181, reviewed by the district court, and then appealed to this court under the authority of 28 U.S.C. Sec. 1291.Parties
 
 
 2
 The parties to this appeal are: (1) The trustee for the debtor corporation Modern Textiles, Inc. (appellee/cross-appellant), which was formed to purchase and operate the business, Modern Textiles Co., owned by (2) Al Kopolow (appellant/appellee) (3) Al Kopolow Investment Co. (appellant), a corporation argued to be the successor to Modern Textiles Co. Modern Textiles, Inc.'s obligations under the contract were guaranteed by (4) P.M. Holding Corporation and (5) Continental Textile Corporation (appellees/cross-appellants).
 
 Facts
 
 3
 On May 26, 1977, the parties entered into a purchase agreement for Modern Textiles Co. The sale closed on August 3, 1977. At the time of the sale, Modern Textiles Co. was a lessee under a fifty-five year lease from the City of Clarksville, Missouri. The Clarksville property had originally been leased to another Kopolow company, Kamp Togs. In addition, Modern Textiles Co. owned a building located on Fee Fee Road in St. Louis County, Missouri. As part of the sale, both the Clarksville property and the property on Fee Fee Road were leased to Modern Textiles, Inc. At this time, Modern Textiles, Inc. also entered into a personal employment contract with Al Kopolow. The contract of sale also included a series of warranties, one of which guaranteed that Modern Textiles Co. did not have any labor difficulties which could materially affect the profitability of the company. In the early summer of 1980, Modern Textiles, Inc. defaulted on its obligations under the contract of sale. A lawsuit and this appeal then followed.
 
 Issues
 
 4
 The following rulings of the bankruptcy court, adopted in toto by the district court, are at issue in this appeal. (1) Whether Al Kopolow Investment Company established that it was the successor corporation to Modern Textiles Co., and thus the real party in interest to enforce the lease agreements. (2) Whether Modern Textiles Co.'s chain of title to the Clarksville property was properly challenged at trial. (3) Whether the personal employment contract between Modern Textiles, Inc. and Al Kopolow was properly construed to cover an eight-year period. And (4) whether the bankruptcy court correctly found that the warranties in the contract, regarding labor problems, were not breached.
 
 Discussion
 
 5
 The bankruptcy court found that Al Kopolow Investment Co. had not established that it was the real party in interest possessed of the right to enforce Modern Textile Co.'s contracts. Al Kopolow Investment Company argues that this determination is clearly erroneous because the only evidence introduced indicated that it was the successor corporation to Modern Textile Co. This evidence consisted of the testimony of Al Kopolow and his attorney in the course of this sale. Both men testified to the effect that Al Kopolow Investment Co. was Modern Textile Co. with a change of name. The bankruptcy court was not persuaded, noting that in Missouri a corporate change of name must be registered with the Secretary of State. No such documentation was introduced at trial.
 
 
 6
 While we agree that the evidence introduced at trial was far from the most probative available, we must conclude that the bankruptcy court's ruling was not supported by substantial evidence and was therefore clearly erroneous. Danzl v. North St. Paul-Maplewood-Oakdale Independent School District, 706 F.2d 813, 817 (8th Cir.1983). In this case the only evidence in the record runs counter to the bankruptcy court's finding, and it was not impeached. Under these circumstances we must conclude that the ruling was clear error.
 
 
 7
 The bankruptcy court also concluded that Al Kopolow Investment Company had not established that Modern Textile Co. had the right to sublease the Clarksville property.[1] Al Kopolow Investment Company argues that as a tenant the debtor is estopped from challenging the validity of a landlord's title not only because it accepted possession and paid rent, but also because it sublet the property to a third party. The appellees argue that only a tenant in possession is so estopped and rely on the case of Renshaw v. Reynolds, 317 Mo. 484, 297 S.W. 374, 377 (1927). While it is true that in Renshaw the court held that a tenant in possession who is not actually or constructively evicted is so estopped, it did not hold that a tenant who sublets is free from this restraint. Id. 297 S.W. at 377-78. In any event, the case of Stewart v. Miles, 166 Mo. 174, 65 S.W. 754, 755-56 (1901) directly contradicts this argument. We must conclude, therefore, that the bankruptcy court erred in permitting the debtor to challenge Modern Textile Co.'s title.
 
 
 8
 The appellees cross-appeal from the bankruptcy court's construction of an employment agreement which provided for an employment period of seven years commencing in July of 1977, but then inconsistently stated the termination date to be "June 30, 1985." The bankruptcy court decided the parties had contracted for an eight year period. The assurance agreements, under which the appellees guaranteed payment for the employment contract, also contemplated a seven year period of employment. The employment contract is ambiguous. "Where a contract is ambiguous, use of extrinsic evidence for interpretation is proper; the resolution of the ambiguity is a question of fact to be determined by a jury." Press Machinery Corp. v. Smith R.P.M. Corp., 727 F.2d 781, 784 (8th Cir.1984) (citations omitted). When the employment contract is considered in conjunction with extrinsic evidence, the assurance agreements, it appears clear that the parties intended a seven year period of employment. In our opinion the bankruptcy court clearly erred in finding that the contract was for an eight year period and in awarding damages for the eighth year.
 
 
 9
 The appellants have challenged the nature of the district court's review of the bankruptcy court's decision. We need not and do not reach this issue because of our resolution of the substantive claims. As a final matter we affirm the bankruptcy court's decision on the appellees' counterclaim of fraud and breach of warranty regarding possible labor problems. Substantial evidence supports the court's judgment for the appellants on this point. The district court is affirmed in part and reversed in part and the case remanded for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 We need not address Al Kopolow Investment Company's second argument, that the court, acting under FED. R. CIV. P. 37, improperly excluded evidence of the chain of title, because of the resolution of the estoppel claim