**FIDELITY FINANCIAL CORPORATION, Plaintiff–Appellant,**

**v.**

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Defendant–Appellee.**

No. 86–2864.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1987.

Decided Nov. 17, 1987.

Samuel L. Holmes, San Francisco, Cal., for plaintiff-appellant.

William J. McKenna, Jr., Chicago, Ill., for defendant-appellee.

John K. Van de Kamp, Atty. Gen. of State of Cal. by Randall P. Borcherding, Deputy Atty. Gen., amicus curiae for Sav. and Loan Com'r of State of Cal. in support of appellee.

Before ANDERSON, FERGUSON and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

On December 6, 1985 Fidelity Financial Corporation (Fidelity) brought suit in the superior court of Alameda County against the Federal Savings and Loan Insurance Corporation (FSLIC), Citicorp Savings and Loan Association (Citicorp), Fidelity Federal Savings and Loan Association (Fidelity Federal), and two Saving and Loan Commissioners (one past, one present) of the State of California. Citicorp, joined by FSLIC, removed to the federal district court. Fidelity moved to remand to the state court but before any hearing on this motion moved to dismiss its suit voluntarily. The defendants also moved to dismiss. After a hearing on all three motions on August 28, 1986, the district court denied

Fidelity's motion for voluntary dismissal; ruled that removal to the federal court was proper under 12 U.S.C. § 1730(k)(1); dismissed the case against FSLIC on the ground the court lacked jurisdiction because Fidelity had not first sought relief from the Federal Home Loan Bank Board (the Board). 12 U.S.C. § 1464(d)(6)(C). On September 9, 1987 judgment was entered in favor of all defendants. Fidelity appealed but eventually dismissed its appeal as to all defendants except FSLIC.

We affirm the district court in its denial of remand to the state court and in its holding that it had no jurisdiction of Fidelity's suit against FSLIC.

## BACKGROUND

Many of the essential facts have been stated by this court in *Fidelity Savings and Loan Association v. Federal Home Loan Association*, 689 F.2d 803, 805–807 (9th Cir.1982) as follows:

In 1979 Fidelity began experiencing severe financial difficulties as a result of its prior speculative loan commitment practices. Gambling that interest rates would fall, Fidelity had sold large amounts of short-term paper in order to obtain the funds to make long-term mortgage loans at then current market rates. When interest rates rose sharply, Fidelity suffered substantial operating losses and a decrease in net worth because the earnings on its low-yielding portfolio were less than the increasing cost of its short-term borrowing.

To meet its financial obligation, Fidelity borrowed in excess of $1.3 billion from the Federal Home Loan Bank of San Francisco March 1982. Fidelity's decline caused its depositors to withdraw nearly $70 million in deposits during the week of April 5, 1982. On April 9 the Bank advised the FSLIC that no further loans would be advanced to Fidelity unless the FSLIC guaranteed the loans. The FSLIC declined to advance the loan guarantees, and informed the California Savings and Loan Commissioner of its decision.

In light of Fidelity's precarious financial posture, the Commissioner decided to place the ailing institution in receivership and appoint the FSLIC as receiver for the state. At the close of business on April 13, 1982, state officials physically seized Fidelity by entering its offices in Oakland at approximately 4:40 p.m. and serving Fidelity with papers ordering its liquidation. The Commissioner subsequently appointed the FSLIC as state receiver pursuant to California Financial Code §§ 9009, 9102 (West 1981). At approximately 5:00 p.m., the Bank Board made an independent appointment of the FSLIC as federal receiver pursuant to 12 U.S.C. § 1729(c)(2). This appointment abrogated the Commissioner's ability to control or terminate the receivership. 12 U.S.C. § 1464(d)(6)(A); 12 C.F.R. § 569a.4 (1982). Fidelity's assets were then transferred to a newly created federal mutual association, Fidelity Federal Savings and Loan Association of San Francisco (Fidelity Federal). The entire operation took less than thirty minutes. Fidelity's business was not significantly disrupted.

Two days after the receivership was instituted, on April 14, 1982 FSLIC conducted a "bidding conference" at which six bids were submitted for Fidelity Federal. Citicorp made the most favorable bid, but FSLIC scheduled a second bidding conference on July 22, 1982 to permit California financial institutions to outbid Citicorp. On August 16, 1982 the Board found Citicorp's offer "substantially more favorable to Fidelity Federal, its depositors and creditors and the FSLIC than any other". The Board further found Fidelity Federal insolvent, that appointment of a receiver would be justified, that its continued operation depended on substantial aid from FSLIC, and that the insurance risk to FSLIC would be reduced by Citicorp's proposal. The Board therefore found that the acquisition of Fidelity Federal by Citicorp should be approved under 12 U.S.C. § 1730a(e)(1)(a) and that Citicorp should be given financial assistance by FSLIC in the acquisition.

Meanwhile Fidelity had challenged the appointment of FSLIC as federal receiver

on the grounds that the statutory conditions justifying such appointment had not been met. When the Board approved the sale to Citicorp, Fidelity sought to enjoin the sale to preserve the status quo pending decision on the merits of its challenge to the receivership. On September 2, 1982 two judges of this court denied this injunction. On the same day this court decided on the merits that the receivership conditions had been met. *Fidelity Savings and Loan Association, supra* at 814. On September 28, 1982 Citicorp acquired Fidelity Federal.

Fidelity sued the Federal Home Loan Bank alleging that its insolvency had been caused by that bank's denial of regular terms of credit. Fidelity lost. *Fidelity Financial Corporation v. Federal Home Loan Bank*, 792 F.2d 1432 (9th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987). Fidelity also brought a suit in federal court, this time against the present defendants plus the Board, making many of the same allegations it makes now; but Fidelity moved to dismiss this suit voluntarily, and the motion was granted. Fidelity then brought this suit in the state court.

## FIDELITY'S COMPLAINT

Fidelity's present complaint does not challenge the Federal Home Loan Bank's denial of credit, and it does not challenge the federal receivership nor the transfer of Fidelity's property to Fidelity Federal. What it attacks is the transfer of the property from Fidelity Federal to Citicorp on September 28, 1982. In that transfer, Fidelity alleges, FSLIC "wasted, lost or negligently dealt with" approximately $100 million of off-book assets or transferred them to Citicorp for little or no value. In argument, although not in the complaint, these assets are identified as the value of a tax loss carry-forward.

The First Count of the complaint charges that in so doing FSLIC failed to follow the requirements of a state receiver under California Financial Code §§ 9071, 9103, 9104. The Second Count charges FSLIC with breach of fiduciary duty under the same

statute. The Third Charges FSLIC of conspiracy with Citicorp in the transfer of the $100 million off-book assets. The Fourth Count charges FSLIC with conversion of these assets. The Fifth Count seeks a declaration of rights against FSLIC and an accounting.

## ANALYSIS

1. *Removal to the Federal Court.* 12 U.S.C. § 1730(k)(1) provides:

Notwithstanding any other provision of law, (A) the Corporation shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; (B) any civil action, suit or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: *Provided,* That any action, suit, or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States. No attachment or execution shall be issued against the Corporation or its property before final judgment in any action, suit, or proceeding in any court of any State or of the United States or any territory, or any other court.

■ Consequently the suit was removable unless the exception applies. We examine whether the conditions of the exception were met:

(a) More than the rights or obligations of Fidelity and its investors, creditors, and stockholders were involved in the suit: the

rights of Fidelity Federal, Citicorp, and the two commissioners were also at issue. Dropping these parties on appeal did not operate retroactively to the moment of removal from the state court. *Watkins v. Grover,* 508 F.2d 920 (9th Cir.1974). At that moment, the second condition of the exception was not met.

(b) The rights of Fidelity and its stockholders were not to be determined only by state law. Although Fidelity is not reconciled to our decision in *Fidelity Savings, supra,* the decision in effect holds that the receivership as of 5:00 p.m., April 13, 1982 was federalized. *Id.* at 808, 812. Henceforth federal law governed what FSLIC did. 12 U.S.C. § 1729(c)(3) and (d). Fidelity argues that the federal receivership was superimposed on the state receivership and that the state receivership survived until it was formally terminated by the commissioner on July 27, 1982. But what would such a state receivership been of? All the assets and liabilities had been appropriated by FSLIC as federal receiver. The state receivership after the FSLIC took over as federal receiver was the mere ghost of a receivership; all reality was gone. Fidelity pursues a will-of-the-wisp in contending that there was life in it. Its wish is without substance. The third condition of the exception is not met.

The exception would not apply if any condition for its operation was lacking. *A fortiori,* it fails to apply when two of the three conditions are not present. The suit was removable. Denial of remand was mandatory.

 2. *The Dismissal of Fidelity's Case.* The holdings of this court that the receivership was federalized at 5:00 p.m. April 13, 1982 implies that there were no further actions FSLIC could perform as a state receiver. Fidelity's entire case is predicated on the assumption that FSLIC was acting as a state receiver after April 13, 1982. This issue has already been determined by *Fidelity Savings and Loan*

*Association, supra,* and is not open to relitigation.

■ As the district court correctly determined, if Fidelity is suing FSLIC as a federal receiver, the district court lacks jurisdiction. 12 U.S.C. § 1464(d)(6)(C).

**AFFIRMED.**