**ABBOTT BUILDING CORPORATION, INC., and The Abbott Trust, Plaintiffs,**

v.

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver of Sierra Savings and Loan Association; and Western Title Company, a Nevada corporation, Defendants.**

**No. CV–N–89–603–ECR.**

United States District Court, D. Nevada.

April 9, 1990.

George Abbott, Minden, Nev., for plaintiffs.

Richard J. Pocker, U.S. Atty., Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

Before this Court are two motions to dismiss, one filed by defendant Federal Savings and Loan Insurance Corporation ("FSLIC") (document # 3), and the other filed by defendant Western Title Company ("Western") (document # 4). Both defendants seek dismissal of the complaint, originally filed in state court, which was removed to this Court on September 19, 1989 (document # 1).

The facts of this case are straightforward. On November 11, 1985, plaintiff Abbott Building Corporation ("ABC") executed a promissory note in favor of Sierra Savings & Loan in the amount of $100,000.00. The trustee on the note was Lawyers Title of Northern Nevada, which later changed its name to Western Title Company ("Western"). The note was secured by certain real property owned by ABC, located in Douglas County, Nevada. On September 9, 1987, the note went into default. On October 22, 1987, the FSLIC was ap-

pointed Receiver for Sierra Savings & Loan, pursuant to an Order of the Federal Home Loan Bank Board ("FHLBB" or "the Board").

The foreclosure sale on the deed of trust was scheduled for 2:00 o'clock p.m., February 8, 1988. On February 8, 1988, ABC filed for bankruptcy under Chapter 11. It was determined by the Bankruptcy Court that the only asset of ABC was the real property named in the deed of trust, which had been used to secure the $100,000.00 loan from Sierra Savings & Loan. After a procedural false start,[1] and after United States Bankruptcy Judge James H. Thompson denied ABC's motion to reinstate the automatic stay of bankruptcy, the property was sold to the FSLIC at a foreclosure sale on June 9, 1989.

In their complaint, plaintiffs assert that the actions of the defendants in foreclosing on the deed of trust were unlawful, and that the foreclosure sale should be set aside. We will discuss plaintiffs' allegations against each defendant with more specificity when addressing each defendant's motion to dismiss.

## I. MOTION TO DISMISS BY FSLIC

The FSLIC raises several grounds for dismissal. First, it claims that as an agency of the United States Government, it is immune from liability, except for the potential liability permitted by the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (FTCA). The FSLIC claims that plaintiffs have failed to satisfy the requirements of the FTCA, and that the FSLIC is not a proper defendant in this action, but that the proper defendant is the United States of America.

The second ground for dismissal raised by the FSLIC is that there was inadequate process and defective service of process, thus warranting dismissal under Fed.R. Civ.P. 12(b)(4) and 12(b)(5).

### A. *FSLIC as Receiver*

The FSLIC urges this Court to analyze this action within the rubric of the FTCA. However, as we point out below, the fact that the FSLIC has been sued in its capacity as Receiver obviates the need for an FTCA analysis.

Plaintiff's allegations are against the FSLIC in its capacity as Receiver of Sierra Savings and Loan. Nowhere in the complaint do plaintiffs refer to the FSLIC in its corporate or individual capacity. Plaintiffs claim that the FSLIC did not comply with "applicable law" prior to the trustee's sale, and breached unspecified duties imposed by federal law when it foreclosed on the deed of trust.[2]

Initially, it should be noted that the United States, as sovereign, is immune from suit unless it waives its sovereign immunity and consents to be sued. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). A court is without jurisdiction to entertain a suit unless it is brought within an act of Congress specifically authorizing the action. *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). Furthermore, the sovereign immunity of the United States extends to its agencies. *Id.* at 1460 n. 6. Accordingly, federal agencies are not subject to suit *eo nomine* unless Congress so consents.

1. The original foreclosure sale scheduled for February 8, 1988, was stopped due to the bankruptcy filed by plaintiff ABC. Thereafter, the FSLIC postponed the sale during the pendency of the bankruptcy. On May 6, 1989, the Bankruptcy Court dismissed the ABC case on its own motion, and the foreclosure sale occurred on May 7, 1989. The buyer at the sale was the Rabe Estate. However, due to a clerical error, no one, including the Debtor, was given notice of the hearing at which the Bankruptcy Court dismissed the case. As a result, the first foreclosure sale was set aside and the property conveyed from the Rabe Estate to the Debtor, ABC.

By Order of January 10, 1989, the Bankruptcy Court conditionally lifted the automatic stay, effective 60 days after the conveyance from the Rabe Estate to the Debtor ABC. Thereafter, the Bankruptcy Court denied the request of ABC to reimpose the stay, because ABC had failed to demonstrate its ability to pay off the loan to the FSLIC.

2. In their complaint, plaintiffs charge the FSLIC with failing to comply "with the mandates of federal law governing its activities, including but not limited to the provisions of 12 U.S.C. § 1461, et seq., and 12 U.S.C. § 1725, et seq."

*Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952); *City of Whittier v. United States Dept. of Justice*, 598 F.2d 561, 562 (9th Cir.1979).

The FSLIC is a federal agency protected by sovereign immunity. *See* 12 U.S.C. § 1725(c); *Jugum v. Federal Sav. and Loan Ins. Corp.*, 637 F.Supp 1045, 1047 (W.D.Wash.1986); *Federal Sav. and Loan Ins. Corp. v. Quinn*, 419 F.2d 1014, 1016–17 (7th Cir.1969). As such, it may only be sued upon its consent. Although the FSLIC is subject to a limited waiver of sovereign immunity by virtue of 12 U.S.C. § 1725(c)(4), that provision does not authorize this type of challenge to the actions of the FSLIC as receiver. Rather, section 1725(c)(4) generally is intended to permit judicial actions against the FSLIC for payment of insurance. *Jugum*, 637 F.Supp. at 1047.

When a court is asked to review an action taken by the receiver of a failed savings and loan, 12 U.S.C. § 1464(d)(6)(C) provides that:

> Except as otherwise provided in this subsection, no court may take any action for or toward the removal of any conservator or receiver, or, *except at the instance of the Board, restrain or affect the exercise of powers or functions of a conservator or receiver* (emphasis added).

This unqualified language does not provide any exception for suits brought by disgruntled borrowers who default on loans. Only by including the FHLBB in this action would this Court have jurisdiction to review the foreclosure on the deed of trust.[3] *First Sav. & Loan Ass'n v.*

*First Fed. Sav. & Loan Ass'n*, 531 F.Supp. 251, 253–54 (D.Haw.1981) (*First Sav. I*).

As receiver of the failed Sierra Savings & Loan, the FSLIC has broad authority to liquidate the association and sell its assets.[4] *See First Sav. & Loan Ass'n v. First Fed. Sav. & Loan Ass'n*, 547 F.Supp. 988, 996 (D.Haw.1982) (*First Sav. II*). As receiver of a failed savings and loan institution, the FSLIC is authorized to:

> (i) take over the assets of and operate the institution;
>
> (ii) take such action as may be necessary to put it in a sound solvent condition;
>
> (iii) to merge it with another insured institution;
>
> (iv) to organize a new Federal association to take over its assets;
>
> (v) *to proceed to liquidate its assets in an orderly manner; or*
>
> (vi) *to make such other disposition of the matter as it deems appropriate;*
>
> whichever it deems to be in the best interests of the association, its savers, and the [FSLIC]. . . .

12 U.S.C. § 1729(b)(1)(A) (1989). *See Carrollton–Farmers Branch Indep. School Dist. v. Johnson & Cravens*, 858 F.2d 1010, 1014 n. 14 (5th Cir.1988), *amended*, 867 F.2d 1517 (5th Cir.1989) (noting authority of FSLIC as receiver to foreclose on deed of trust).

Regulations governing the FSLIC in its role as a receiver specifically provide that: *The Receiver shall have power to: (1) Sell for cash or on terms, exchange, or otherwise dispose of, in whole or in part, any or all of the assets and property of the institution,* real, personal

---

**3.** Individuals affected by actions of a receiver may request that the FHLBB investigate those actions and take whatever steps are necessary to insure compliance with the law. The FHLBB has authority to enforce the provisions of 12 U.S.C. § 1464 and regulations promulgated thereunder. 12 U.S.C. § 1464(d)(1) (1989). These powers include the right to, at any time, remove a receiver and restore an association to its management. 12 C.F.R. § 547.7 (1980). Under 12 U.S.C. § 1464(d)(6)(C) (courts shall not interfere with the powers of the Receiver "except at the instance of the Board"), the Board has authority to invoke the power of the courts

to insure that the receivership is carried out properly and in accordance with law.

**4.** 12 U.S.C. § 1729(c)(3) (1989) provides that

> In any case where the [FSLIC] is appointed conservator or receiver of an insured institution ... (B) the [FSLIC] shall have authority to liquidate such institution in an orderly manner or to make such other disposition of the matter as it deems to be in the best interests of the institution, its savers, and the [FSLIC].

*See also* 12 U.S.C. § 1729(b)(1)(A) (1989).

and mixed, tangible and intangible, of any nature, including any mortgage, *deed of trust,* chose in action, bond, note, contract, judgment or decree, share or certificate of share of stock or debt, owing to such institution or the Receiver (emphasis added).

12 C.F.R. § 569a.6(c) (1980).

Congress intended that the FSLIC's authority would be "subject only to the regulation of the Federal Home Loan Bank Board" when carrying out its receivership responsibilities. S.Rep.No. 1263, 90th Cong., 2d Sess. 10, *reprinted in* 1968 U.S. Code Cong. & Admin.News 2530, 2539. The FSLIC was intended to be able to move quickly, and is authorized to take whatever actions are necessary in reorganizing or dissolving a failing institution, without hindrance by the judiciary. This Congressional intent is revealed in section 1464(d)(6)(C).

In requesting that the foreclosure sale be set aside, plaintiffs are asking this Court to interfere with the powers and functions of the FSLIC. "Issuing such an order would amount to reversing the decision made by the FSLIC to sell the assets of [Sierra Savings & Loan]. This would directly interfere with the power of the FSLIC to dispose of the assets of an association in receivership." *First Sav. I,* 531 F.Supp. at 253–54. Such an act would impermissibly "affect the exercise of powers or functions of ... a receiver." This Court is without subject matter jurisdiction to so act. *See Fidelity Fin. Corp. v. Federal Sav. & Loan Ins. Corp.,* 834 F.2d 741, 745 (9th Cir.1987).

We note that this case is distinguishable from *Morrison–Knudsen Co. v. CHG Int'l, Inc.,* 811 F.2d 1209 (9th Cir.1987), *cert. denied,* 488 U.S. 935, 109 S.Ct. 358, 102 L.Ed.2d 349 (1988). There, the Ninth Circuit held that 12 U.S.C. § 1464(d)(6)(C) does not empower the FSLIC to adjudicate claims of creditors against a failed institution in receivership, disagreeing with *North Mississippi Sav. & Loan Ass'n v. Hudspeth,* 756 F.2d 1096, 1101 (5th Cir. 1985). Recently, the United States Supreme Court agreed with the Ninth Circuit's interpretation of section 1464(d)(6)(C)

in *Coit Indep. Joint Venture v. Federal Sav. & Loan Ins. Corp.,* 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989). In these cases, the courts considered claims asserted by creditors against failed thrifts, and held that, because section 1464(d)(6)(C) does not vest adjudicatory authority in the FSLIC, the federal courts do have subject matter jurisdiction to adjudicate creditor claims.

Both cases point out that section 1464(d)(6)(C) does not confer additional powers on the FSLIC in its receivership capacity, but merely prohibits courts from interfering with those powers obtained by the FSLIC from other statutory sources. *Coit,* 109 S.Ct. at 1369; *Morrison–Knudsen,* 811 F.2d at 1217. The "essential question" under section 1464(d)(6)(C), as framed in *Morrison–Knudsen,* is whether the FSLIC has power to adjudicate creditor claims. *Morrison–Knudsen,* 811 F.2d at 1217. The question was answered in the negative. *Coit,* 109 S.Ct. at 1376; *Morrison–Knudsen,* 811 F.2d at 1217.

However, in the case at bar, we are not presented with the claim of a *creditor* of Sierra Savings & Loan, but rather with the complaint of a *debtor.* Furthermore, we are not being asked to *adjudicate* a claim brought by this debtor, but are being requested to *set aside* an action already taken by the FSLIC in its capacity as receiver, and declare it a nullity. Therefore, the "essential question" of *Morrison–Knudsen* in this context becomes whether the FSLIC's receivership powers include foreclosure on a deed of trust. The answer is affirmative. *See* 12 C.F.R. § 569a.6(c) (1980) (giving the receiver power to sell or otherwise dispose of assets and property of the failed institution, including deeds of trust).

Because the FSLIC had the authority to liquidate the assets of the failed Sierra Savings & Loan, and because that authority extended to foreclosure on the deed of trust, this court is without subject matter jurisdiction to interfere in that action. Plaintiffs' claim against the FSLIC must be

dismissed. Fed.R.Civ.P. 12(b)(1).[5]

### B. *Process and Service of Process*

█ In addition to the above reasoning, the claim against the FSLIC must be dismissed because of defective service of process. Service on the FSLIC must be made by serving a copy of process "on any of its agents or any agent of the Federal Home Loan Bank Board and mailing a copy of such process by registered mail or by certified mail to the [FSLIC] at Washington, District of Columbia." 12 U.S.C. § 1725(c)(4) (1989). *See also Taylor v. Federal Home Loan Bank Bd.*, 661 F.Supp. 1341, 1343 (N.D.Tex.1986).

Plaintiffs contend that the attorney for the FSLIC is a designated agent of the FSLIC, and therefore that service upon the attorney constitutes service on the FSLIC. Even assuming that the attorney is an agent of the FSLIC (we take this allegation as true, for purposes of the motion to dismiss), plaintiffs have failed to show that a copy of the summons and complaint were sent by certified or registered mail to the FSLIC in Washington, D.C. Therefore, service is defective, and dismissal is warranted under Fed.R.Civ.P. 12(b)(5).[6]

### II. MOTION TO DISMISS BY WESTERN TITLE

█ Lawyers Title of Northern Nevada Inc. (Lawyers Title), was listed as the trustee on the deed of trust executed by plaintiff ABC. Thereafter, Lawyers Title changed its name to Western Title Company, Inc. The trustee's name was Western Title Company, Inc., when it sold the property at the trustee's foreclosure sale.[7] Plaintiffs' primary complaint against Western is that the name change makes Western a successor trustee to Lawyers Title, and that a formal substitution of trustee was required. Without such formal substitution, plaintiffs argue, good title could not pass from Western to the FSLIC.

Western has moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Although Western has attached several exhibits to its motion, this Court specifically excludes those exhibits, and has not considered them. Fed.R.Civ.P. 12(b). Therefore, we need not treat Western's motion to dismiss as one for summary judgement under Fed. R.Civ.P. 56. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir.1980). Rather, in considering Western's motion to dismiss, the Court has presumed all factual allegations in the complaint to be true, and has drawn all reasonable inferences in favor of the plaintiffs. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987).

Plaintiffs' complaint centers on the name change of Lawyers Title to Western. Neither in the complaint, nor in plaintiffs' response to Western's motion to dismiss, do plaintiffs argue that they suffered any prejudice from the name change.[8] Plaintiffs do not claim that they did not receive notice of the sale. Their sole contention is that the name change, in and of itself, somehow renders Western an inadequate or improper trustee.

---

**5.** We further note that plaintiffs' complaint fails to state a claim upon which relief can be granted. Plaintiffs have not alleged specifically which provisions of the law the FSLIC violated, neither have plaintiffs set forth any factual allegations sufficient to support a claim.

**6.** Although this defect may be curable, we decline to give plaintiffs an opportunity to perfect service, in view of our lack of subject matter jurisdiction.

**7.** Plaintiffs allege that defendant Western Title Company actually underwent two name changes: from Lawyers Title of Northern Nevada, Inc. to Western Title Company, Inc. on June 17, 1987, and from Western Title Company, Inc. to Western Title Company on July 7, 1987. However, Western contends that the name changed from Lawyers Title to Western Title Company to Western Title Company, Inc. This distinction is not critical for purposes of the motion to dismiss.

**8.** It should be noted that, although the grounds raised for dismissal in the motion of FSLIC (document # 3) are substantially different from those raised in the motion of Western (document # 4), plaintiffs submitted the identical opposition to each motion (documents # 7 and # 8). Many of the arguments raised by the defendants in their separate motions are not addressed by these identical responses. Rather, plaintiffs use their responses to reiterate the grounds raised in their complaint.

However, a change of corporate name does not change the identity of a corporation, nor does it affect the corporation's rights, properties, or liabilities. *Alley v. Miramon*, 614 F.2d 1372, 1384 (5th Cir. 1980). *See also In re Modern Textile, Inc.*, 739 F.2d 308, 310 (8th Cir.1984) (corporate change of name did not preclude second-name corporation from establishing that it was a real party in interest possessed of right to enforce contract rights of first-name corporation). Western's name change did not change its status as trustee on the deed of trust, and it did not affect the ability of Western to pass good title to the FSLIC.

IT IS, THEREFORE, HEREBY ORDERED that the United States of America shall be substituted as a defendant in place of the Federal Savings and Loan Insurance Corporation.

IT IS FURTHER ORDERED that the motion to dismiss filed by the FSLIC on behalf of the United States (document # 3) is GRANTED. The Clerk shall enter judgment accordingly.

IT IS FURTHER ORDERED that the motion to dismiss filed by Western Title Company is GRANTED. The Clerk shall enter judgment accordingly.