**Robert E. SESSLER; Natalie R. Sessler, in their capacity as Trustees of the Sessler Trust, Dated July 18, 1985, a Revocable Trust, Plaintiffs–Appellees,**

v.

**UNITED STATES of America, Defendant–Appellant.**

**Robert E. SESSLER; Natalie R. Sessler, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

Nos. 92–55031, 92–55042.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1993.

Decided Oct. 28, 1993.

Arnold S. Rosenberg, Bancroft & McAlister, San Francisco, CA, for plaintiffs-appellees.

Janet A. Bradley, Gary R. Allen, Richard A. Farber, U.S. Dept. of Justice, Tax Div., Washington DC, for defendant-appellant.

Before: KOZINSKI, SILER * and KLEINFELD, Circuit Judges.

* The Honorable Eugene E. Siler, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

KOZINSKI, Circuit Judge:

Appellants, innocent third-party purchasers, challenge an IRS levy on their property because the Service did not give them timely notice of intent to levy. *See* 26 U.S.C. § 6331(d). We consider whether we have jurisdiction to resolve their claim.

## I. Facts

In 1988, Robert and Natalie Sessler bought 70 acres of land from Robert Roy Granicy and his brother, who inherited it from their father. Unbeknownst to the Sesslers, after Granicy Senior died, Robert Roy, who was also the executor, failed to pay the special estate tax; a lien in the amount of the unpaid tax attached to all property in the gross estate, including the land in question. *See* 26 U.S.C. § 6324(a). The IRS took no action until January 1989, as the 10 year statute of limitations neared expiration.[1] At that time, the IRS served a final demand for payment and a 30 day notice of intent to levy on Robert Roy and C. Roger Gardner, who the IRS believed was the estate's attorney.

The Sesslers had no notice of the levy until six days before their property was to be seized. They paid the $134,401.33 tax to prevent the sale set for the following day—the day before the statute of limitations would expire—and then brought this action against the IRS for "wrongful levy." The district court granted summary judgment for the Sesslers but denied attorneys' fees. Both sides appeal.

## II. Jurisdiction

■■■ The Sesslers invoked the jurisdiction of the district court under 26 U.S.C.

§ 7426 which authorizes any person, other than the delinquent taxpayer, to bring a "wrongful levy" action. To state a claim under this section, the Sesslers had to show (1) an interest in or lien on the property, and—however circular—(2) "that such property was wrongfully levied upon." 26 U.S.C. § 7426(a)(1). No one doubts that the Sesslers have an interest in the property; why else would they be here? The wrongful levy prong is another story. For, in the Lewis Carroll world of the Internal Revenue Code, wrongful levy doesn't mean a levy-done-wrong; no indeed. As the IRS has expounded in its regulations,[2] a levy is wrongful if: (1) it's placed on property exempt under section 6334; (2) it wasn't placed on property in which the delinquent taxpayer had an interest; (3) it's invalid under sections 6323 or 6324(a)(2) or (b); or (4) the plaintiff's interest in the property is senior to the federal lien and will be destroyed by the levy. 26 CFR § 301.7426–1(b).

■■■ The Sesslers' claim—that the levy was done without proper notice—doesn't fit into any of these bureaucratic cubbyholes.[3] The regulations limit wrongful levy actions to situations where the government had no business at all interfering with the third party's property right. Here, however unfair the situation may appear, the IRS had the substantive right to levy on the property, and the Sesslers don't contest the validity of the lien itself. Sesslers' Suppl. Brief at 2.

■■■ Before the Federal Tax Lien Act of 1966, third parties couldn't sue the United States at all when IRS collection activities interfered with their property rights. The passage of section 7426 waived the sovereign

---

1. According to 26 U.S.C. § 6324(a)(1), unless an estate tax is paid in full or becomes unenforceable by reason of lapse of time, a lien shall attach to the gross estate of the decedent for 10 years from the date of death.

2. We defer to these regulatory interpretations of the Code so long as they are reasonable. *Cottage Savings Ass'n v. Commissioner,* 499 U.S. 554, 111 S.Ct. 1503, 1508, 113 L.Ed.2d 589 (1991). We note that many circuits—including our own—have endorsed the definition of "wrongful levy" in the regulation. *See, e.g., CIM Int'l v. United States,* 641 F.2d 671, 679 (9th Cir.1980); *Bank of Nebraska v. United States,* 949 F.2d 262, 264 (8th

Cir.1991); *Myers v. United States,* 647 F.2d 591, 603 n. 18 (5th Cir.1981); *National Bank & Trust Co. v. United States,* 589 F.2d 1298, 1301 (7th Cir.1978).

3. The Sesslers do claim that their interest in the property is senior to the IRS's because the ten-year statute of limitations had expired before the IRS made a valid levy. But the government's interest was clearly senior to the Sesslers' at the time the levy was made, and this provision can't be used to turn other alleged defects in the levy into questions of seniority. If it could, the seniority subsection would render all the others meaningless.

immunity of the United States under limited circumstances—a waiver which must be construed strictly in favor of the government. *See E.J. Friedman Co. v. United States,* 6 F.3d 1355 (9th Cir.1993). In other words, section 7426 is not a broad grant of jurisdiction for suit brought by any third-party interest-holder; it only waives immunity when there's been a "wrongful levy." Under the regulations, a failure to fulfill a procedural requirement—notice of intent to levy— doesn't make a levy wrongful and thus doesn't provide the necessary waiver. *Cf. id.* at 1357 (dismissing case for lack of subject matter jurisdiction because 26 U.S.C. § 2410 did not clearly intend to cover this kind of claim and thus cannot serve as waiver of sovereign immunity). We conclude the Sesslers can't rely on section 7246 to unlock the door to the district courthouse.

■ The Sesslers argue we can nonetheless retain jurisdiction by recharacterizing their claim as one to quiet title under 28 U.S.C. § 2410(a)(1). Sesslers' Suppl. Brief at 3, *citing James v. United States,* 970 F.2d 750, 755–56 (10th Cir.1992). But the law around here prevents this. In *Winebrenner v. United States,* 924 F.2d 851, 855 (9th Cir.1991), we held that, because "the exclusive remedy by a third party whose property has been levied upon or sold by the Internal Revenue Service is an action pursuant to Section 7426, Winebrenner's claims for quiet title under Section 2410 ... [are] barred." Thus, the Sesslers are left without a jurisdictional hook on which to hang their case, and the U.S. Treasury remains secure behind the shield of sovereign immunity.

■ But not for long—for we note that there's another federal court that may be able to hear the case. The U.S. Court of Federal Claims' jurisdiction seems to include claims by nontaxpayers for refund of money paid as a result of an illegal IRS levy on property to collect another's taxes. *Document Management Group, Inc. v. United States,* 11 Cl.Ct. 463, 467 (1987).

III. Conclusion

We **VACATE** the district court's judgment and remand to the district court with directions that it transfer the case to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1631.

