72 F.3d 708
 PENTAX CORPORATION, a Delaware corporation, Plaintiff-Appellant,
v.
Donald W. MYHRA, in his official capacity as District
Director of Customs for the District of Great
Falls, MT; U.S. Customs Service, an
agency of the U.S.,
Defendants-Appellees.
 No. 94-35277.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 2, 1995.
Decided July 31, 1995.
As Amended on Denial of Rehearing
Dec. 26, 1995.
 
 Charles H. Bayar, Bayar Law Office, New York City, for plaintiff-appellant.
 E. Roy Hawkens, U.S. Dept. of Justice, Washington, DC, for defendants-appellees.
 Appeal from the United States District Court for the District of Montana.
 ORDER
 The opinion filed July 31, 1995, and published at 61 F.3d 731 (9th Cir.1995), is amended as follows:
 1. At slip op. page 9246, (61 F.3d 731, 734), just before part "IV. CONCLUSION," the following two paragraphs are inserted:
 Pentax contends that if we dismiss this appeal for lack of subject matter jurisdiction, we should remand the case to the district court with instructions to transfer it to the CIT, pursuant to 28 U.S.C. Sec. 1631. Pentax argues the interests of justice require such a transfer, because if the case is not transferred Pentax's claim may be barred by the statute of limitations.
 We express no opinion on the statute of limitations issue or whether the CIT would have had original jurisdiction if Pentax had originally filed its complaint in that court. We are not prepared, however, to hold that the CIT would not have had jurisdiction. In this circumstance, we conclude the prudent thing to do is to direct the district court to transfer the case to the CIT so that the CIT can determine the question of its own jurisdiction. See Sessler v. United States, 7 F.3d 1449, 1452 (9th Cir.1993) (transfer ordered where it appeared U.S. Court of Federal Claims "may be able to hear the case" when jurisdiction of the United States District Court was lacking).
 2. At slip op. page 9246, 61 F.3d at 734, the paragraph under part "IV. CONCLUSION" is deleted and there is inserted in its place the following:
 We affirm the judgment of the district court and remand this case to it with instructions to vacate its injunction pending appeal, and to transfer this case to the CIT.
 AFFIRMED and REMANDED.
 With the foregoing amendment, the petition for rehearing is DENIED.
 Before: SKOPIL, BOOCHEVER and THOMPSON, Circuit Judges.
 DAVID R. THOMPSON, Circuit Judge:
 
 I. OVERVIEW
 
 1
 Pentax Corporation (Pentax) imported mismarked goods. Pentax admitted its error by letter to the United States Customs Service (Customs), seeking to limit its potential liability by qualifying for "prior disclosure" status under 19 U.S.C. Sec. 1592(c)(4). That statute requires the violator to tender any unpaid duties. Customs demanded that Pentax tender a ten percent marking duty required for mismarked goods. 19 U.S.C. Sec. 1304(f). Pentax refused to tender any money claiming that no duty was unpaid.
 
 
 2
 Pentax brought this action in Montana District Court seeking judicial review of Customs' determination that Pentax must prepay $5.2 million by a certain date to qualify for prior disclosure status. The district court granted a temporary restraining order preventing Customs from denying Pentax prior disclosure status.
 
 
 3
 he district court later granted Customs' motion to dismiss for lack of jurisdiction. The court, at Pentax's request, entered an injunction pending appeal preventing Customs from withholding prior disclosure status for failing to pay the $5.2 million; the money is currently deposited in the district court's registry. Pentax appeals the district court's dismissal for lack of subject matter jurisdiction. We affirm and remand for the district court to dissolve its injunction.
 
 II. FACTS
 
 4
 Pentax imported and paid duties on camera equipment, marking the equipment's country of origin as Hong Kong. Pentax later learned that marking to be incorrect, and disclosed the error to Customs' regional director. Because Customs had not started an investigation, Pentax sought "prior disclosure status" as defined by 19 U.S.C. Sec. 1592(c)(4).
 
 
 5
 Section 1592(c)(4) limits the penalty for Customs regulations violations to the amount, plus interest, of the duties lost by the United States because of the violations. In addition to the requirement that admission of the violation must predate the commencement of an investigation, the statute requires the violator to tender "the unpaid amount of lawful duties at the time of disclosure, or within 30 days (or such longer period as the Custom Service may provide) after notice by the Customs Service of such unpaid amount." Id.
 
 
 6
 Customs' district director notified Pentax that it had to tender $5,157,601.30 (rounded to $5.2 million) by June 22 to qualify for prior disclosure status. This amount represented "marking duties" under 19 U.S.C. Sec. 1304(f).[1] According to the statute, these duties are "deemed to have accrued at the time of importation." Therefore, Customs reasoned, they are duties owed because of the violation and must be paid before Pentax can qualify for prior disclosure status.
 
 
 7
 After denying Pentax's application for review, Customs demanded payment of the $5.2 million marking duties. Fearing that if it paid the $5.2 million it would have no forum in which to seek a recovery of the money if Customs were wrong, Pentax brought the instant action in the Montana District Court.
 
 
 8
 The district court held that preenforcement review of the determination of prior-disclosure status is not available under the statutory scheme set forth in 19 U.S.C. Sec. 1592. Pentax Corp. v. Myhra, 844 F.Supp. 611, 616 (D.Mont.1994). It concluded, therefore, that it lacked jurisdiction to review Customs' demand for the $5.2 million, and dismissed Pentax's complaint. Id.
 
 
 9
 Pentax moved for an injunction pending appeal pursuant to Federal Rule of Civil Procedure 62. The district court crafted an injunction pending appeal by which Pentax was permitted to deposit the $5.2 million into the registry of the district court, and Customs was enjoined from denying Pentax prior disclosure status due to nonpayment of the money.
 
 
 10
 We have jurisdiction over this appeal under 28 U.S.C. Sec. 1291, and we affirm the dismissal of Pentax's complaint.
 
 III. DISCUSSION
 
 11
 We review de novo the district court's determination that it lacks jurisdiction. Carpenter v. Dep't of Transp., 13 F.3d 313, 314 (9th Cir.1994). We may affirm the district court on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 507 U.S. 1051, 113 S.Ct. 1945, 123 L.Ed.2d 651 (1993).
 
 
 12
 We do not reach the question whether preenforcement review is available under the statutory scheme of 19 U.S.C. Sec. 1592. Instead we hold that if judicial review is available at all, that review is available only in the Court of International Trade (CIT).
 
 
 13
 Congress has granted the CIT exclusive jurisdiction of any civil action commenced against the United States, its agencies or its officers, that arises out of any law of the United States providing for ... (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue.
 
 
 14
 28 U.S.C. Sec. 1581(i).
 
 
 15
 The present action arises under 19 U.S.C. Sec. 1304(f), which is a law providing for a duty. Jurisdiction, therefore, lies exclusively in the CIT. As the legislative history makes clear, under 28 U.S.C. Sec. 1581(i): "All suits of the type specified are properly commenced only in the Court of International Trade." 1980 U.S.C.C.A.N. 3729, 3759. Accord K Mart Corp. v. Cartier, Inc., 485 U.S. 176, 182-83, 108 S.Ct. 950, 956, 99 L.Ed.2d 151 (1988) (district court divested of jurisdiction if action falls within specific grant of exclusive jurisdiction to CIT).
 
 
 16
 Pentax relies on Trayco, Inc. v. United States, 994 F.2d 832 (Fed.Cir.1993), for the proposition that jurisdiction lies in the district court. Trayco, however, is inapposite. In that case the violator paid a fine to Customs and sought a refund in the district court. The Federal Circuit held the district court had jurisdiction over the refund action under the Tucker Act, 28 U.S.C. Sec. 1346(a)(2). Id. at 836. The Tucker Act does not apply here because Pentax currently has no money claim against the United States.
 
 
 17
 The Federal Circuit also considered the following language in Congress' grant of jurisdiction to the district court:
 
 
 18
 The district court shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.
 
 
 19
 28 U.S.C. Sec. 1355(a) (emphasis added). Section 1582[2] speaks only to actions commenced by the United States; therefore, the Federal Circuit reasoned, a district court is not divested of jurisdiction to hear an action commenced by the violator to recover a fine that has already been paid. Trayco, 994 F.2d at 836.
 
 
 20
 The jurisdictional grant of section 1355(a) and its application by the Federal Circuit in Trayco does not support the jurisdiction of the district court in this case. Here, Pentax seeks not to recover (or even avoid) a fine. See 19 U.S.C. Sec. 1304(f) (marking duty "shall not be construed to be penal"). Instead, Pentax seeks to avoid paying the section 1304(f) duty. Its action is within the exclusive jurisdiction of the CIT under section 1581.
 
 
 21
 We express no opinion on whether the current posture of the action supports judicial review under the Administrative Procedures Act, 5 U.S.C. Secs. 701-706. We hold only that if any court has jurisdiction it is the CIT. Cf. Conoco, Inc. v. United States Foreign-Trade Zones Bd., 18 F.3d 1581, 1589 (Fed Cir.1994) (holding area of law within exclusive jurisdiction of the CIT because that area is "within the parameters of" section 1581 and deals with "type of issues with which CIT is acknowledged to have expertise"). The district court properly dismissed the action for want of jurisdiction.
 
 
 22
 Pentax contends that if we dismiss this appeal for lack of subject matter jurisdiction, we should remand the case to the district court with instructions to transfer it to the CIT, pursuant to 28 U.S.C. Sec. 1631. Pentax argues the interests of justice require such a transfer, because if the case is not transferred Pentax's claim may be barred by the statute of limitations.
 
 
 23
 We express no opinion on the statute of limitations issue or whether the CIT would have had original jurisdiction if Pentax had originally filed its complaint in that court. We are not prepared, however, to hold that the CIT would not have had jurisdiction. In this circumstance, we conclude the prudent thing to do is to direct the district court to transfer the case to the CIT so that the CIT can determine the question of its own jurisdiction. See Sessler v. United States, 7 F.3d 1449, 1452 (9th Cir.1993) (transfer ordered where it appeared U.S. Court of Federal Claims "may be able to hear the case" when jurisdiction of the United States District Court was lacking).
 
 IV. CONCLUSION
 
 24
 We affirm the judgment of the district court and remand this case to it with instructions to vacate its injunction pending appeal, and to transfer this case to the CIT.
 
 
 25
 AFFIRMED and REMANDED.
 
 
 
 [1]
 "If at the time of importation any article ... is not marked in accordance with the requirements of this section ... there shall be levied, collected, and paid upon such article a duty of 10 per centum ad valorem, which shall be deemed to have accrued at the time of importation, shall not be construed to be penal, and shall not be remitted wholly or in part nor shall payment thereof be avoidable for any cause...." 19 U.S.C. Sec. 1304(f)
 
 
 [2]
 "The Court of International Trade shall have exclusive jurisdiction of any civil action which arises out of an import transaction and which is commenced by the United States...." 28 U.S.C. Sec. 1582