**D AND S FAMILY PRESERVATION TRUST, Steven Miljus, Trustee; Joseph Pack, Jerry Gillespie, Michael Bloomquist, Jim Bodily, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civil No. 95–1222–FR.**

United States District Court,
D. Oregon.

June 27, 1997.

---

Terrance L. McCauley, Estacada, OR, for Plaintiffs.

Kristine Olson, United States Attorney, Portland, OR, Barbara A. Johnson, Trial Attorney, Tax Division, United States Department of Justice, Washington, DC, for Defendant.

## OPINION

FRYE, District Judge:

The matters before the court are 1) the United States' motion for summary judgment (# 31); and 2) the plaintiffs' motion for summary judgment (# 36).

## BACKGROUND

The plaintiffs bring this action under 26 U.S.C. § 7426 against the United States of America alleging that the Internal Revenue Service (IRS) wrongfully levied upon and seized funds deposited in the United States National Bank of Oregon, Account Number 178 0019 301, belonging to the Christian Patriot Association.

## AGREED FACTS IN THE PRETRIAL ORDER

Richard G. Flowers and Dorothy L. Flowers are officers of the Christian Patriot Association in Boring, Oregon. The Christian Patriot Association is a self-described political association which generally opposes what it perceives to be unlawful and unconstitutional application of the federal internal revenue laws and monetary laws and policies of the United States. The Christian Patriot Association operates the Natural Coin Exchange. The Natural Coin Exchange is not incorporated, is not a limited partnership, and does not have a business license. One of the stated purposes of the Natural Coin Exchange is to allow participants in its activities to "drop out of sight" as much as possible and to maintain their privacy by eliminating the paper trails which are inherent in the Federal Reserve System.

On April 19, 1990, a business account was opened at the United States National Bank of Oregon in the name of the Christian Patriot Association Services. The signature card filed with the bank in order to cause the bank to open the business account on that day states that the Christian Patriot Association Services is a check cashing and bill paying business; the taxpayer identification number for the Christian Patriot Association Services is 93–6235461; the business account number for the Christian Patriot Association Services at the United States National Bank of Oregon is Account Number 178 0019 301; and the authorized signatories for the Christian Patriot Association Services Account Number 178 0019 301 are Richard G. Flowers—designated as trustee, Dorothy L. Flowers—designated as treasurer, and Anne Savage—designated as secretary.

On October 24, 1994, Richard Flowers purchased a cashier's check in the amount of $125,000.00 from the head office of the United States National Bank of Oregon in Portland, Oregon. The check was made payable to Richard Flowers. At a later date, the cashier's check was endorsed by Richard Flowers and was stamped "Pay to the Order of Clackamas Office of U.S. Bank [Account Number] 178 0019 301 CPA Services CPA NCE the Patriot Review AFA."

On November 1, 1994, Richard Flowers purchased a cashier's check in the amount of $125,000.00 from the head office of the United States National Bank of Oregon in Portland, Oregon. The check was made payable to Richard Flowers. At a later date, the cashier's check was endorsed by Richard Flowers and was stamped "Pay to the Order of Clackamas Office of U.S. Bank [Account Number] 178 0019 301 CPA Services CPA NCE the Patriot Review AFA."

On November 2, 1994, Richard Flowers purchased a cashier's check in the amount of $125,000.00 from the head office of the United States National Bank of Oregon in Portland, Oregon. The check was made payable to Richard Flowers. At a later date, the cashier's check was endorsed by Richard Flowers and was stamped "Pay to the Order of Clackamas Office of U.S. Bank [Account Number] 178 0019 301 CPA Services CPA NCE the Patriot Review AFA."

On November 4, 1994, Richard Flowers purchased a cashier's check in the amount of $125,000.00 from the head office of the United States National Bank of Oregon in Portland, Oregon. The check was made payable to Richard Flowers. At a later date, the cashier's check was endorsed by Richard Flowers and was stamped "Pay to the Order of Clackamas Office of U.S. Bank [Account Number] 178 0019 301 CPA Services CPA NCE the Patriot Review AFA."

On or about November 29, 1994, the IRS filed a Notice of Levy upon the United States National Bank of Oregon against CPA Services, nominee, transferee, alter-ego or agent of Richard G. Flowers. On or about November 29, 1994, the IRS served a Notice of Levy upon the United States National Bank of Oregon against CPA Services, nominee,

transferee, alter-ego or agent of Dorothy L. Flowers.

On or about December 1, 1994, the information about the authorized signatories on the business account signature card for the Christian Patriot Association Services at the United States National Bank of Oregon, Account Number 178 0019 301, was changed. The authorized signatories on the account were D. Flowers, designated as secretary, and Joseph Pack, designated as director. The type of business was described as " 'lite' bookkeeping."

On or about December 21, 1994, in response to the IRS Notice of Levy in reference to the Christian Patriot Association Services account, taxpayer identification number 93–6235461, the United States National Bank of Oregon released to the IRS the sum of $465,613.04.

On August 18, 1995, a complaint for wrongful levy was filed by the following parties who claimed ownership of the funds levied upon in the Christian Patriot Association Services Account Number 178 0019 031: D and S Family Preservation Trust, Steven Miljus, trustee, in the amount of $163,000.00; Joseph Pack in the amount of $75,000.00; Jerry Gillespie in the amount of $89,500.00; Michael Bloomquist in the amount of $91,400.00; and Jim Bodily in the amount of $87,000.00. The original plaintiffs alleged as wrongfully levied a total sum of $505,900.00.

On April 15, 1996, a Notice of Deposition Upon Oral Examination and Request for Production was directed to the named plaintiffs. On June 12, 1996, plaintiffs Joseph Pack, Michael Bloomquist, and Jim Bodily appeared for deposition. Plaintiffs Steven Miljus and Jerry Gillespie did not appear.

On September 10, 1996, plaintiffs D and S Family Preservation Trust and Steven Miljus were dismissed as parties in this wrongful levy action.

On October 9, 1996, the complaint was amended to state that the sum of money claimed by plaintiff Joseph Pack is $163,000.00.

Plaintiff Joseph Pack testified at his deposition that he gave a cardboard box contain-

ing $163,000.00 in cash to Richard Flowers on February 15, 1990. Pack testified that this money was provided to Richard Flowers to be used as operating capital for the Christian Patriot Association. Pack testified that he never made any withdrawals from the Natural Coin Exchange.

Plaintiff Michael Bloomquist testified at his deposition that Richard Flowers and Dorothy Flowers operate the Christian Patriot Association Services as a check cashing and check writing business; that anywhere from 100 to 10,000 people have provided money to the Christian Patriot Association Services; that the Christian Patriot Association Services does not pay interest on money it receives; and that the Christian Patriot Association Services charges fees for its services. Bloomquist testified that he cannot claim individual ownership of the $91,400.00 attributed to him in the wrongful levy complaint, and that he used the Christian Patriot Association Services in his capacity as a trustee for 10,000 to 20,000 trust accounts.

Plaintiff Jim Bodily testified that he met Richard and Dorothy Flowers at a patriotic rally approximately eleven years ago; that he provided the Christian Patriot Association with $50,000.00 in 1988; and that he provided the Christian Patriot Association with $37,000.00 in 1990. Bodily further testified that he handed a total of $87,000.00 in cash to Richard Flowers to be used to maintain the activities of the Christian Patriot Association; that he did not ask for interest on the sum of $87,000.00; and that he did not know whether the $87,000.00 in cash that he handed to Richard Flowers was actually deposited in Account Number 178 0019 301 of the United States National Bank of Oregon.

Plaintiff Jerry Gillespie did not appear at the noticed deposition and has given no testimony in this case.

## CONTENTIONS OF THE PLAINTIFFS

Plaintiffs Pack, Gillespie, Bloomquist and Bodily contend that they each owned certain funds in the account of the Christian Patriot Association, United States National Bank of Oregon, Account Number 178 0019 301, and that the IRS wrongfully levied and seized those funds to collect the federal tax liabilities of Richard G. Flowers and Dorothy L. Flowers. The plaintiffs contend that Richard G. Flowers and Dorothy L. Flowers had no ownership interest in or right to use the funds seized from Account Number 178 0019 301 located in the United States National Bank of Oregon, Portland, Oregon. The plaintiffs contend that they are entitled to have the funds seized returned to them with interest in the following amounts: Pack—$163,000.00; Gillespie—$89,500.00; Bloomquist—$91,400.00; and Bodily—$87,000.00.

In support of their positions, the plaintiffs submit 1) an unsworn affidavit of Richard Flowers; 2) excerpts from a sworn affidavit for a search warrant executed by Lynn Rose, a Special Agent of the IRS; and 3) a sworn affidavit executed by Special Agent Rose which details documents which were seized and records that were returned to Richard Flowers and Jeff Weakly (also known as Joseph Pack, a plaintiff in this case.)

## CONTENTIONS OF THE UNITED STATES

The United States contends that plaintiffs Pack, Gillespie, Bloomquist and Bodily have not shown a legally cognizable interest in the property seized pursuant to the levy. The United States contends that there are no reasonable inferences from the agreed facts which support the contentions of any of the plaintiffs that they are the sole owners of the seized funds. The United States contends that the plaintiffs' motion for summary judgment must be denied on the grounds that they have not shown that they have an interest in the funds seized.

In its opposition to the motion of the plaintiffs for summary judgment, the United States concedes that the admissible evidence presented by the plaintiffs precludes summary judgment as requested in the government's favor. However, because the plaintiffs maintain that they have no interest in the sum of $34,713.04, there is no dispute that the United States is entitled to partial summary judgment as to $34,713.04 of the levied funds. *See* United States' Opposition to Plaintiff's Motion for Summary Judgment and Reply to Plaintiff's Opposition, p. 4.

## APPLICABLE STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact.

Once the initial burden of the moving party is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The non-moving party must make a sufficient showing on all essential elements of the case with respect to which the non-moving party has the burden of proof. *Id.*

The decision faced by the court is essentially the same decision faced by a court on a motion for a directed verdict—that is, whether the evidence on the motion for summary judgment presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). If reasonable minds could differ as to the conclusions drawn from the evidence in the record, the motion for summary judgment should be denied. *Id.*

## APPLICABLE LAW

26 U.S.C. § 7426 provides a cause of action against the United States as follows:

If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon, may bring a civil action against the United States....

26 U.S.C. § 7426(a)(1).

To state a claim under section 7426, the plaintiff must show 1) an interest in or lien on the property, and—however circular—2)

"that such property was wrongfully levied upon." 26 U.S.C. § 7426(a)(1).

■ The plaintiff in a wrongful levy suit bears the initial burden of showing an interest in, or a lien on, e.g., legal title, in the levied upon property. *Morris v. United States*, 813 F.2d 343, 345 (11th Cir.1987). Once that showing is made, the burden shifts to the government to show a nexus between the taxpayer and the property. *Id.* The plaintiff, however, retains the ultimate burden of persuading the district court that the property which appears to belong to the taxpayer is actually his property. *Arth v. United States*, 735 F.2d 1190, 1193 (9th Cir.1984).

■ A levy is wrongful if it was placed upon property in which the delinquent taxpayer had no interest. *Sessler v. United States*, 7 F.3d 1449, 1451 (9th Cir.1993). Property is wrongfully levied if the property does not, in whole or in part, belong to the taxpayer against whom the levy originated. Pursuant to 26 U.S.C. § 7426(b)(2), the third party may recover the property or the value of his or her interest. *Arth*, 735 F.2d at 1193.

## CONCLUSION

■ The plaintiffs have not met their burden to show the absence of a genuine issue of material fact as to their claim of ownership to the funds deposited in the United States National Bank of Oregon, from the account of the Christian Patriot Association, Account Number 178 0019 301. The affidavit of Richard Flowers is unsworn and not admissible in this summary judgment proceeding. Fed.R.Civ.P. 56(e). While plaintiffs Pack, Bloomquist and Bodily testified by deposition that they gave Flowers large sums of cash, there is no admissible evidence in this record which connects the large sums of cash with the funds deposited in the United States National Bank of Oregon, from the account of the Christian Patriot Association, Account Number 178 0019 301; therefore, the motion of the plaintiffs for summary judgment is denied.

In light of the government's concession that "the admissible evidence presented by Plaintiffs also precludes *full* summary judg-

ment in the Government's favor" (United States' Opposition, p. 4), the court will grant partial summary judgment for the United States in the amount of $34,713.04, a sum of money for which no claim is made by the plaintiffs in this action, and will deny the remaining claim of the United States for summary judgment without prejudice to renew.

## CONCLUSION

The United States' motion for summary judgment (# 31) is granted in the amount of $34,713.04 and otherwise denied without prejudice to renew within sixty days. The plaintiffs' motion for summary judgment (# 36) is denied.