In re Zdenek KIESLICH, et al., Debtors.

Zdenek KIESLICH, et al.,

v.

UNITED STATES of America.

No. CV–N–96–636–ECR(RAM).

United States District Court,
D. Nevada.

Jan. 22, 1998.

Keith S. Blair, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, DC, and Kathryn E. Landreth, U.S. Attorney, Reno, NV, for plaintiff.

Kevin J. Mirch, Reno, NV, for defendant.

### MINUTES OF THE COURT

EDWARD C. REED, Jr., District Judge.

*MINUTE ORDER IN CHAMBERS*

The Court's Minute order (# 12), entered January 14, 1998, is ***HEREBY AMENDED*** to read as follows:

***IT IS HEREBY ORDERED*** that the Bankruptcy Court's Order (CR 19) filed October 7, 1996 is ***VACATED*** and this case is ***REMANDED*** to the Bankruptcy Court for the limited purpose of determining the existence of subject matter jurisdiction. The Clerk shall enter judgment accordingly.

The present adversary proceeding is in essence one for a declaratory judgment that the Debtors owe the Internal Revenue Service no money. The Debtors' Chapter 7 bankruptcy case was closed in 1992, but the instant case was not decided until 1996. Said decision, entered after bench trial and adjudicated by the Bankruptcy Court by 28 U.S.C. § 157(c)(2) stipulation, apparently did not depend in any way on bankruptcy law. It is therefore not entirely clear

how this adversary proceeding is presently "related to" the bankruptcy case.

How it is related to the bankruptcy case is a crucial question, however, since the Bankruptcy Court's subject matter jurisdiction is evidently determined by whether this action is a "core proceeding," a "non-core proceeding," or neither. *Eastport Associates v. City of Los Angeles (In re Eastport Associates)*, 935 F.2d 1071, 1077 & n. 4 (9th Cir.1991). Initially, Plaintiffs asserted that this case was a core proceeding; Defendant expressed no opinion on the subject. *Compare* Complaint at ¶ 3 (CR 1) *with* Answer at ¶ 3 (CR 2). By the time of trial, both sides had stipulated that this was a non-core proceeding and that the Bankruptcy Court would enter final judgment pursuant to 28 U.S.C. § 157(c)(2). Pl.'s Trial Br. at 2 (CR 16); Def.'s Trial Br. at 3 (CR 15). However, neither party suggested prior to the present appeal that this case lay entirely outside the Bankruptcy Court's jurisdiction.

Defendant has now made such a suggestion, and consequently argues that the Bankruptcy Court lacked subject matter jurisdiction and that its Order (CR 19) of October 7, 1996 disposing of this case is a nullity. Contrary to Plaintiffs' assertion in their opposition (# 9), the parties may not stipulate to subject matter jurisdiction. *Holman v. Laulo–Rowe Agency*, 994 F.2d 666, 668 n. 1 (9th Cir.1993). Neither does the fact that the Bankruptcy Court properly exercised jurisdiction at the time the instant proceeding was filed necessarily mean that it properly retained jurisdiction after the Chapter 7 case was closed. *Elias v. Lisowski Law Firm (In re Elias)*, 215 B.R. 600 (9th Cir. BAP 1997) (bankruptcy court has power to interpret orders entered prior to dismissal of underlying case, but not to grant new relief in a case that has been dismissed); *Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478, 481–82 (9th Cir.1989) ("[t]he bankruptcy court does not have jurisdiction ... to grant new relief independent of its prior rulings once the underlying action has been dismissed"); *see also Caterpillar Inc. v. Lewis*, —— U.S. ——, ——, 117 S.Ct. 467, 474, 136 L.Ed.2d 437 (1996) (absence of subject matter juris-

diction at time of judgment nullifies judgment) (citing *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951)).

The argument is therefore colorably meritorious, and should have been presented to the Bankruptcy Court. Because this issue apparently turns on whether we characterize this case as core, non-core, or other—a fact-sensitive characterization best performed by the Bankruptcy Court in the first instance—we think it best to remand the question. *See State ex rel. Roberts v. Mushroom King, Inc.*, 77 B.R. 813, 820 (D.Or.1987) ("The court must determine related case jurisdiction following a case-by-case consideration of the facts of the controversy at hand and those surrounding the entire bankruptcy proceeding."). Although we may resolve the issue ourselves, we need not, since 28 U.S.C. § 157(d) may provide us subject matter jurisdiction even though the Bankruptcy Court lacks it. We therefore remand this action to the Bankruptcy Court to permit it to determine its own subject matter jurisdiction. *See Pentax Corp. v. Myhra*, 72 F.3d 708, 711 (9th Cir.1995) (transferring case to Court of International Trade to permit that court to examine its own jurisdiction).