ESTATE OF Robert SANSONE, deceased, Robert B. Sansone, personal representative, Plaintiff—Appellant,

v.

UNITED STATES of America, Defendant—Appellee.

No. 01–55439.

D.C. No. CV–00–05551–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2002.

Decided June 11, 2002.

Before KOZINSKI and GOULD, Circuit Judges, and CEBULL, District Judge.*

### MEMORANDUM**

Mrs. Sansone's right to $100,000 every year for life is a "qualifying income interest for life" that is treated as "qualified terminable interest property," 26 U.S.C. § 2056(b)(7), but the potential cost-of-living increases are not. 26 C.F.R. § 20.2056(b)–7(e)(2) (although "the annual payment may increase, the increased amount is not taken into account in valuing

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

\* The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

the deductible interest").[1] Under this regulation, the estate may deduct only that amount of the corpus that, using the applicable federal interest rate, would produce the $100,000 yearly payments for life: $1,041,719. The estate may not deduct any more of the corpus than this amount.

"We defer to . . . regulatory interpretations of the [Internal Revenue] Code so long as they are reasonable." *Sessler v. United States*, 7 F.3d 1449, 1451 n. 2 (9th Cir.1993). The regulation challenged here is reasonable and consistent with the Code. *See* 26 U.S.C. § 2056(b)(7)(B)(ii) ("The surviving spouse has a qualifying income interest for life if . . . the surviving spouse is entitled to *all* the income from the property . . . .") (emphasis added). Mrs. Sansone is entitled to all the income from $1,041,719 of the corpus; therefore, she has a qualifying income interest for life only in that specific portion of the corpus.

The Sansone trust is not a "qualified charitable remainder trust" under 26 U.S.C. § 2056(b)(8); therefore, the challenged regulation applies. To be a "qualified charitable remainder trust," the trust must be either "a charitable remainder annuity trust or [a] charitable remainder unitrust." 26 U.S.C. § 2056(b)(8)(B)(ii). The Sansone trust is not the former because the annual payments are not of a "sum certain," but instead could fluctuate with inflation. 26 U.S.C. § 664(d)(1)(a) (a charitable remainder annuity trust is a trust "from which a sum certain . . . is to be paid"); 26 C.F.R. § 1.664–2(a)(1)(ii) ("A sum certain is a stated dollar amount which is the same . . . for each year of such period."). Nor is it the latter, because the annual payments are not based on a fixed percentage of the corpus. *See*

26 U.S.C. § 664(d)(2)(A) (a charitable remainder unitrust is a trust "from which a fixed percentage [of the corpus] is to be paid").

**AFFIRMED.**

---

1. This rule "applies with respect to estates of decedents dying on or before October 24, 1992." 26 C.F.R. § 20.2056(b)–7(e)(5). It applies here because decedent died in 1991.

