**Linwood Edward TRACY, Jr., Public Minister, and John E. Buras, Public Minister, for and With World Answered Ministry, Plaintiffs,**

v.

**UNITED STATES of America, United States Department of the Treasury, and Internal Revenue Service, Internal Revenue Service Levy Program, the Department of Treasury Financial Management Service, and Teresa Kelly, T. Dunbar, Revenue Officer(s), and Charles C. Wilson of Financial Management Service, Defendants.**

No. 3:07–CV–00061–LRH (VPC).

United States District Court,
D. Nevada.

June 25, 2007.

Linwood E. Tracy Jr., Fallon, NV, pro se.

John E. Buras, Fallon, NV, pro se.

Karen L. Pound, U.S. Department of Justice, Tax Division, Washington, DC, for Defendants.

*ORDER*

HICKS, District Judge.

Presently before this court is Plaintiff Linwood Edward Tracy Jr.'s and Plaintiff John E. Buras's ("Plaintiffs") Motion for Default Judgment (# 2[1]). Defendants, the United States of America, the United States Department of the Treasury, the Internal Revenue Service (IRS), the IRS Payment Levy Program, the Department of Treasury Financial Management Services, Teresa Kelly, T. Dunbar, and Charles C. Wilson ("Defendants") have filed a response (# 5). Additionally, before this court is Defendants' Motion to Dismiss (# 4). Plaintiffs have filed a response (## 6 & 7–1[2]), to which Defendant has replied (# 8). Further, before the court is Plaintiffs' Motion for Amendment (# 7–2[3]

1. References to (# XX) refer to the court's docket.

2. The court notes that Plaintiffs' Response to Brief (# 7–1) appears to be identical to Plaintiffs' Response to Brief (# 6) and offers no additional grounds to deny Defendants' Motion to Dismiss (# 4).

), to which Defendants have filed no response.

## FACTS AND PROCEDURAL HISTORY

This action arises out a levy placed on Plaintiff John Buras's pension plan, social security fund, and wages. From Defendants' actions, Plaintiffs allege multiple tort claims and assert a claim for wrongful levy. Plaintiffs filed their complaint February 8, 2007. In proceeding with their action against the United States, Plaintiffs have failed to serve the local United States Attorney, the United States Attorney General, and individually named Defendants.

The United States Department of the Treasury, the IRS, the IRS Payment Levy Program, and the Department of Treasury Financial Management Services are all branches of the federal government. Teresa Kelly, T. Dunbar, and Charles C. Wilson are all employees of the IRS involved in the collection of taxes from Plaintiff Buras.

## LEGAL STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff could find evidence to support the pleadings. *See e.g., Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir.2001) (noting that "factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations"). Therefore, for the purpose of the motion, the court accepts as true all material allegations in the complaint and construes those allegations in the light most favorable to the non-moving party. *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986) (citing *North Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 580 (9th Cir.1983)). Dismissal is warranted only if it appears to a certainty that the Plaintiff

3. The court notes that Plaintiffs do not discuss what they wish to amend or how any amendment would cure the jurisdictional or service defects discussed below.

would not be entitled to relief under any set of facts that could be proven. *Id.*

However, when subject matter jurisdiction is attacked via Rule 12(b)(1), the court is granted more leeway. This is so because federal courts are courts of limited jurisdiction, *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir. 1989).

"In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. U.S.,* 704 F.2d 1074, 1077 (9th Cir.1983) (citing *Thornhill Publ'g Co. v. General Tel. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979)). When the court is faced with a factual attack on subject matter jurisdiction, " '[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.' " *Thornhill Publ'g Co., Inc.,* 594 F.2d at 733 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3rd Cir.1977)). "However, where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine,* 704 F.2d at 1077. "[A]n action should not be dismissed for lack of jurisdiction without giving the plaintiff an opportunity to be heard unless it is clear the deficiency cannot be overcome by amendment." *May Dept. Store v. Graphic Process Co.,* 637 F.2d 1211, 1216 (9th Cir.1980).

■ If the United States is a party to an action and it has not waived its sovereign immunity, the action must be dismissed for lack of subject matter jurisdiction. *U.S. v. Nye County, Nev.,* 178 F.3d 1080, 1089 n. 12 (9th Cir.1999); *Elias v. Connett,* 908 F.2d 521, 527 (9th Cir.1990); *Pesci v. I.R.S.,* 67 F.Supp.2d 1189, 1194 (D.Nev.1999). The plaintiff bears the burden of proving that sovereign immunity has been unequivocally waived. *Cato v. U.S.,* 70 F.3d 1103, 1107 (9th Cir.1995).

## DISCUSSION

### 1. Parties Named in the Complaint

■ A suit against a federal agency, which seeks relief from the United States government, is a suit against the United States government. *Dep't of Army v. Blue Fox, Inc.,* 525 U.S. 255, 260, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999); *Balser v. Dep't of Justice, Office of the U.S. Tr.,* 327 F.3d 903, 907 (9th Cir.2003). If a suit seeks relief against a federal employee acting in his or her official capacity, the suit is in reality, an action against the United States. *Balser,* 327 F.3d at 907; *see also Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). Therefore, agencies of the United States and employees of the United States acting in their official capacities are governed by the same service and jurisdictional requirements as the United States government. *See Balser,* 327 F.3d at 907 (finding the Department of Justice is entitled to sovereign immunity); *Gilbert,* 756 F.2d at 1458 (finding that employees of the IRS are entitled to sovereign immunity).

Plaintiffs have named the United States Department of the Treasury, the IRS, the IRS Payment Levy Program, and the Department of Treasury Financial Management Services as defendants. All are government agencies under the control of the United States government. Additionally, Plaintiffs have named as defendants Teresa Kelly, T. Dunbar, and Charles C. Wilson in their official capacity as IRS employees. Thus, Defendants all are afforded the protection of sovereign immunity as well as the service requirements of Fed. R. Civ P. 4(i)(1) and 4(i)(2)(A).

### 2. Insufficient Service of Process

■ Rule 4(i) of the Federal Rules of Civil Procedure outlines the requirements for service of process when a plaintiff brings suit

against the United States, its agencies, or its employees. Rule 4(i) states:

> (1) Service upon the United States shall be effected (A) by delivering a copy of the summons and the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Colombia.... (2)(A) Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner proscribed by Rule 4(i)(1)....

Fed. R. Civ. P. 4(i). If proper service upon the United States, as governed by Rule 4(i), is not accomplished within 120 days after the complaint is filed and the plaintiff is unable to show good cause why proper service was not made, the action must be dismissed. Fed.R.Civ.P. 4(m); *see also Hart v. United States,* 817 F.2d 78, 80–81 (9th Cir.1987). If a plaintiff can offer no good cause, dismissal is mandatory, even if it eliminates plaintiff's cause of action. *Wei v. Haw I,* 763 F.2d 370, 372 (9th Cir.1985).

■ Plaintiffs have failed to properly serve the United States in the pending action. Plaintiffs have not provided a copy of the complaint and summons to either the United States Attorney for the District of Nevada or the Attorney General in Washington D.C. within 120 days of filing the complaint, as required by Rule 4(i) and Rule 4(m). Furthermore, Plaintiffs offer no justification for their failure to comply with the Federal Rules of Civil Procedure. The court, therefore, may dismiss Plaintiffs'

claims or grant leave to properly effectuate service.[4]

### 3. Deficiencies Warranting Dismissal

■ Additionally, a court may dismiss a plaintiff's claim for reasons other than failure to properly serve the defendant when further deficiencies justifying dismissal exist. *See Security Pacific Nat. Bank v. Derderian,* 872 F.2d 281, 284 (9th Cir.1989) (court found it did not need to reach the issue of failure to serve because subject matter jurisdiction was lacking); *see also Abbott Bldg. Corp., Inc. v. Fed. Sav. and Loan Ins. Corp.,* 739 F.Supp. 532, 535–36 (Nev.1990) (court dismissed for improper service and lack of subject matter jurisdiction).

#### a. Subject Matter Jurisdiction and Sovereign Immunity

Absent an express waiver of sovereign immunity by Congress, a court lacks subject matter jurisdiction to hear claims brought against the United States. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980); *see also Balser,* 327 F.3d at 907; *Gilbert,* 756 F.2d at 1460.

#### i. Plaintiffs' Wrongful Levy Claims

■ 28 U.S.C. § 1346(e) provides the district court with original jurisdiction for claims arising under 26 U.S.C. § 7426, the wrongful levy statute. However, a grant of jurisdiction does not amount to an express waiver of the sovereign immunity. *See Sessler v. United States,* 7 F.3d 1449, 1451–52 (9th Cir.1993); *see also De Masters v. Arend,* 313 F.2d 79, 84 (9th Cir.1963). 26 U.S.C. § 7426 provides for a waiver of sovereign immunity in limited circumstances, which is to be construed strictly in favor of the government. *Sessler,* 7 F.3d at 1452. Section 7426(a)(1) provides for a waiver of sovereign immunity relating to a wrongful levy when the plaintiff is (1) not the delinquent tax payer, (2) the plaintiff can show an interest in or lien on the property, and (3) the proper-

---

4. The court notes that under Fed. R. Civ. P. 4(m), the court may grant Plaintiffs additional time to effectuate service. However, there are deficiencies in the pleadings that cannot be cured by granting additional time to properly serve Defendants. Therefore, the court opts not to extend the times for Plaintiffs to effectuate proper service.

ty was wrongfully levied. *Sessler,* 7 F.3d at 1451.[5] A Plaintiff has a sufficient interest in the levied property when their interest is possessory. *Allied/Royal Parking L.P. v. United States,* 166 F.3d 1000, 1004–05 (9th Cir.1999).

▮ Plaintiffs do not have sufficient standing to bring a claim against the United States under section 7426(a)(1). Plaintiff Buras is the delinquent tax payer upon whom the IRS placed the levy. Plaintiff Buras cannot bring a claim for wrongful levy when he is the one who the tax was assessed against. Therefore, Plaintiff Buras fails to satisfy the first element required for a waiver of sovereign immunity by the United States under 26 U.S.C. 7426(a)(1).

▮ Plaintiff Tracy fails in his claim for wrongful levy because the only person with an interest in the levied property is Plaintiff Buras. Plaintiff Tracy does not have a possessory interest in the pension plan, social security fund, and wages of Plaintiff Buras based on the alleged facts. Therefore, Plaintiff Buras fails on the second element required for a waiver of sovereign immunity. Because neither Plaintiff satisfies the requirements to bring suit under 26 U.S.C. 7426(a)(1) for wrongful levy, the sovereign immunity of the United States remains.

#### ii. Plaintiffs' Tort Claims

▮ The Federal Tort Claims Act waives the sovereign immunity of the United States for actions in tort. 28 U.S.C. §§ 1346, 2671–80. However, 28 U.S.C. 2680(c) provides that the United States has not waived it sovereign immunity in "any claim arising in respect of the assessment or collection of any tax or custom, or the detention of any goods, merchandise or other property by any officer of customs or excise or any other law enforcement officer. . . ." As a result, the United States has not waived its sovereign immunity for any tort claim arising out of or relating to the collection of taxes. *Smith v.*

*Brady,* 972 F.2d 1095, 1099–1100 (9th Cir. 1992).

The tortious acts claimed by Plaintiffs arise out of the Defendants' efforts to collect income taxes owed by Plaintiff Buras. Because the tort claims arise out of the collection of taxes, the United States has not waived its sovereign immunity under the Federal Tort Claims Act. Therefore, this court does not have subject matter jurisdiction over Plaintiffs' claims.

#### 4. Plaintiffs' Motion Leave to Amend

The court may deny leave to amend where amendment is futile. *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053. 1061 (9th Cir.2004). Plaintiffs' would be unable to cure by way of amendment the jurisdictional defects noted above. Amendment is therefore futile.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Default Judgment (# 2) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (# 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Amendment (# 7–2) is DENIED.

The Clerk shall enter judgment accordingly.

---

**5.** An action for wrongful levy is permitted when "a levy has been made on property or property sold pursuant to a levy, any person (other than the person whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States." 26 U.S.C. 7426(a)(1).